IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALEXIS MITCHELL, Independent Administrator of the Estate of SANDRA JEAN MISSEY, Deceased,  )<br>)<br>)<br>) | |
| Plaintiff,  ) | Case No. 23-cv-2658-SMY |
| )<br>vs.  )<br>) | |
| UNITED STATES OF AMERICA, ANDERSON HOSPITAL, and MICHAEL J. WILSON, M.D.,  )<br>)<br>)<br>) | |
| Defendants.  ) | |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Alexis Mitchell, Independent Administrator of the Estate of Sandra Jean Missey, Deceased, asserts wrongful death and survival claims against the United States of America ("the Government"), a lack of informed consent claim against the United States of America, and wrongful death and survival claims against Anderson Hospital and Michael J. Wilson, M.D. (Doc. 1). Now pending before the Court is Defendant Dr. Wilson's Motion to Dismiss for Failure to State a Claim upon which Relief can be Granted, or in the Alternative, Motion to Make More Definite and Certain (Doc. 25). Plaintiff responded in opposition to the motion (Doc. 35). For the following reasons, the motion is **DENIED**.

## Background

Plaintiff filed her initial Complaint in Madison County Illinois State Court, Case 2022-LA-00231 (Doc. 22-1). Before the State Court ruled on the pending motions, the Government removed the case to this district court, and the matter was assigned Case Number 3:22-cv-01159-NJR (Doc. 22-3). District Judge Nancy Rosenstengel granted the Government's summary judgment motion

for failure to exhaust administrative remedies and remanded the remainder of the case back to state court. *Id.*

On remand, the state court entered an order dismissing the medical negligence wrongful death and survival claims against Dr. Biala with prejudice (Doc. 22-6). The claims against Anderson Hospital were dismissed without prejudice pursuant to 735 ILCS 5/2-615, and Plaintiff was granted leave to file a Second Amended Complaint. *Id.* Instead, Plaintiff voluntarily dismissed the state court action on March 31, 2023 (Doc. 22-7). On August 1, 2023, Plaintiff filed the instant case asserting wrongful death and survival claims against the Government, Anderson Hospital, and Michael J. Wilson, M.D. (Doc. 1).

## Discussion

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). While detailed factual allegations are not required, the Rules require more than "unadorned accusations" or "labels and conclusions or a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Relatedly, to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face…a complaint has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

In the context of a medical malpractice claim, a plaintiff must plead sufficient facts to demonstrate or suggest (1) the proper standard of care; (2) an unskilled or negligent failure to

comply with the appropriate standard; and (3) a resulting injury proximately caused by the failure of skill or care. *Wipf v. Kowalski*, 519 F.3d 380, 384 (7th Cir. 2008). The factual allegations should be broad enough to encompass the theories of liability and causation identified in the pre-suit evaluation of the case, but leave room for details that may develop during discovery. *See generally Twombly*, 550 U.S. at 563.

Here, Defendant Wilson argues that Plaintiff's claims are subject to dismissal because she does not set forth any facts, other than bare allegations, to show how he was medically negligent. Specifically, he argues that Plaintiff has failed to plead the requisite elements to state a claim for medical negligence: what the standard of care is for a similarly situated physician, how he deviated from that standard of care, and that injuries were proximately caused by his alleged negligence.

Plaintiff's complaint allegations include the following: Sandra Jean Missey presented to Michael J. Wilson, M.D. on or about September 13, 2019, complaining of coughing and wheezing (Doc. 1, Counts VI and V, ¶20). Michael J. Wilson, M.D. had a duty to render medical care and treatment to Sandra Jean Missey consistent with accepted standards in the community at the time. He breached that duty when he failed to timely refer her for a consultation to a pulmonologist and/or oncologist; failed to order appropriate imaging studies; failed to timely diagnose lung cancer; and, failed to timely treat lung cancer. *Id*. at ¶¶28, 29. As a result, Sandra Jean Missey was injured, resulting in her death. *Id.* at ¶25. Plaintiff's Complaint is supported by a physician's report, pursuant to Section 2-622 of the Illinois Code of Civil Procedure (Doc. 1-5).

The Complaint, together with affidavit and physician's report, alleges sufficient facts to state a colorable medical malpractice claim against Defendant Wilson; Plaintiff alleges a duty, identifies alleged breaches of that duty, and alleges that Missey's death was proximately caused by said breaches. The factual allegations are broad enough to include the theories of liability and

causation so that the Court may draw the inference that Defendant Wilson may be liable for the injuries alleged to have been sustained by Ms. Missey, and her resulting death.

Under the applicable liberal pleading standards, the Complaint includes sufficient information to give Defendant Wilson fair notice of the claims against him; Plaintiff is not required to prove her case on the face of the Complaint. Therefore, Defendant Michael J. Wilson M.D.'s motion to dismiss pursuant to Rule 12(b)(6) will be denied.

In the alternative, Defendant Wilson contends that Plaintiff should be required to make the allegations more definite and certain. Under Federal Rule of Civil Procedure 12(e), a party may move for a more definite statement of a pleading if the pleading is so vague or ambiguous that the party cannot reasonably prepare a response. Fed. R. Civ. Pro. 12(e). Rule 12(e) orders are reasonably denied if a party can intelligently respond to the complaint. *See Crawford-El v. Britton*, 523 U.S. 574, 598 (1998); *see also Chapman v. Yellow Cap Coop.*, 875 F.3d 846, 849 (7th Cir. 2017). As the Court has concluded that the Complaint includes sufficient information to give Defendant fair notice of the claims against him, this motion will be denied as well.

## Conclusion

For the foregoing reasons, Defendant Michael J. Wilson, M.D.'s Motion to Dismiss for Failure to State a Claim upon which Relief can be Granted, or in the Alternative, Motion to Make More Definite and Certain (Doc. 25) is **DENIED** in its entirety.

**IT IS SO ORDERED.**

**DATED: September 30, 2024**

**STACI M. YANDLE**
**United States District Judge**