IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALEXIS MITCHELL, Independent Administrator of the Estate of SANDRA JEAN MISSEY, Deceased,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA, ANDERSON HOSPITAL, and MICHAEL J. WILSON, M.D.,<br><br>Defendants. | Case No. 23-cv-2658-SMY |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Alexis Mitchell, Independent Administrator of the Estate of Sandra Jean Missey, Deceased, asserts wrongful death and survival claims the United States of America ("the Government"), a lack of informed consent claim against the United States of America, and wrongful death and survival claims against Anderson Hospital and Michael J. Wilson, M.D. (Doc. 1). Now pending before the Court are:

1. Defendant Anderson Hospital's Motion to Dismiss for Failure to State a Claim upon which Relief may be Granted (12(b)(6)) or for More Definite Statement (12(e)) **(Doc. 19)**;

2. Defendant Anderson Hospital's Motion to Dismiss Plaintiff's Complaint pursuant to 735 ILCS 5/2-619 and 735 ILCS 5/2-622 **(Doc. 20)**;

3. Defendant Anderson Hospital's Motion to Dismiss Plaintiff's Complaint Federal Rule 12(b)(6) and 12(d) – Failure to State a Claim upon which Relief may be Granted – Statute of Repose (Dr. Biala) **(Doc. 21)**; and,

4. Defendant Anderson Hospital's Motion to Dismiss Plaintiff's Complaint Federal Rule 12(b)(6) – Failure to State a Claim upon which Relief may be Granted – Statute of Repose (Drs. Russell, Sidwell, Fedder) **(Doc. 22)**.

Page **1** of **12**

Plaintiff responded in opposition to the motions (Docs. 31, 32, 33, 34). For the following reasons, each of the motions is **DENIED**.

## Background

Plaintiff filed her initial Complaint in Madison County Illinois State Court, Case 2022-LA-00231 (Doc. 22-1). Before the State Court ruled on the pending motions, the Government removed the case to this district court, and the matter was assigned Case Number 3:22-cv-01159-NJR (Doc. 22-3). District Judge Nancy Rosenstengel granted the Government's summary judgment motion for failure to exhaust administrative remedies and remanded the remainder of the case back to state court. *Id.*

On remand, the state court entered an order dismissing the medical negligence wrongful death and survival claims against Dr. Biala with prejudice (Doc. 22-6). The claims against Anderson Hospital were dismissed without prejudice pursuant to 735 ILCS 5/2-615, and Plaintiff was granted leave to file a Second Amended Complaint. *Id.* Instead, Plaintiff voluntarily dismissed the state court action on March 31, 2023 (Doc. 22-7). On August 1, 2023, Plaintiff filed the instant case asserting wrongful death and survival claims against the Government, Anderson Hospital, and Michael J. Wilson, M.D. (Doc. 1).

## Discussion

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). While detailed factual allegations are not required, the Rules require more than "unadorned accusations" or "labels and conclusions or a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Relatedly, to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face…a complaint has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

In the context of a medical malpractice claim, a plaintiff must plead sufficient facts to demonstrate or suggest (1) the proper standard of care; (2) an unskilled or negligent failure to comply with the appropriate standard; and (3) a resulting injury proximately caused by the failure of skill or care. *Wipf v. Kowalski*, 519 F.3d 380, 384 (7th Cir. 2008). The factual allegations should be broad enough to encompass the theories of liability and causation identified in the pre-suit evaluation of the case, but leave room for details that may develop during discovery. *See generally Twombly*, 550 U.S. at 563.

**Anderson Hospital's Motion to Dismiss (12(b)(6)) or for a More Definite Statement (Doc. 19)**

Anderson Hospital argues that Plaintiff's claims are subject to dismissal because the Complaint is riddled with legal conclusions but fails to address the who, what, when, and where. Plaintiff's complaint allegations against the hospital include the following:

- Anderson Hospital employed personnel to provide medical care to patients;

- Aaron R. Biala, M.D., Andrew C. Russell, M.D., Stanley J. Sidwell, M.D., Mark S. Fedder, M.D. and Michael J. Wilson, M.D. were the agents/apparent agents/employees of Anderson Hospital and provided medical care under its name;

- Sandra Jean Missey presented to Anderson Hospital complaining of loss of appetite and a 30-pound weight loss in 6 months;

- A CT of Missey's chest was conducted and revealed severe hyperinflation (also indicating that there was no prior image for comparison);

- Missey was also exhibiting spontaneous cough;

- Mark S. Fedder, M.D. reviewed a CT of Missey's abdomen on or about May 1, 2017 through July 21, 2017;

- On or about September 13, 2019, Missey presented to Anderson Hospital complaining of coughing and wheezing;

- On or about February 24, 2020, Missey presented to Anderson Hospital for shortness of breath, cough, weakness and chest pain, A chest x-ray and chest CT were performed that same day;

- Missey underwent a biopsy of her right upper lobe mass on February 25, 2020;

- On March 3, 2020 the biopsy results confirmed she had lung cancer; and,

- Missey passed away on March 25, 2020 (Doc. 1, Counts IV & V).

Plaintiff also makes the following allegations in the Complaint: Anderson Hospital had a duty through its agents, apparent agents and/or employees to exercise reasonable care in treating patients including Missey. During the continuous negligent care and treatment of Missey from April 30, 2017, through February 24, 2020, initiated by Aaron R. Biala, M.D. and continued by the care of the other doctors, that the standard of care was breached. As a result, Missey passed away. *Id.*

Attached to the Complaint is an affidavit and a physician's report pursuant to 735 ILCS 5/2-622. The physician's report states that the physician is licensed to practice in all branches of medicine and board certified in general surgery (Doc. 1-4). The report addresses defendants in this action, with a separate report alleging medical malpractice against Anderson Hospital based upon Dr. Biala's acts and/or omissions. *Id.*

Here, the Complaint, affidavit, and physician's report are sufficient to withstand a motion to dismiss for failure to state a claim. Plaintiff sufficiently alleges that Anderson's treatment of Missey, through its agents/apparent agents/employees), failed to conform to the standard of care

and proximately caused her death. Specifically, Plaintiff alleges that the hospital, through its agents/apparent agents/employees: failed to timely refer Missey for a consultation to a pulmonologist and/or an oncologist; failed to schedule a follow-up CT to compare with the November 7, 2016 CT; failed to review applicable prior imaging studies; failed to order appropriate imaging studies; failed to correctly interpret diagnostic imaging; failed to timely diagnose Missey's lung cancer; and failed to timely treat Missey's lung cancer. Plaintiff further alleges that these failures proximately caused Missey's death.

Under the applicable liberal pleading standards, Plaintiff has stated a colorable claim for medical negligence, and the Complaint includes sufficient information to give Defendant fair notice of the claim against it. Therefore, Defendant Anderson Hospital's motion to dismiss pursuant to Rule 12(b)(6) (Doc. 19) will be denied.

In the alternative, Anderson Hospital argues that Plaintiff should be required to plead more definite and certain statements. Specifically, Anderson Hospital seeks to know: the date(s) of treatment by Dr. Aaron Biala, the date(s) of treatment by Dr. Andrew Russell, the date(s) of treatment by Dr. Stanley Sidwell, the date(s) of treatment by Dr. Mark Fedder, and the date(s) of treatment by Dr. Michael Wilson which give rise to the alleged liability against Anderson Hospital. Additionally, Anderson Hospital raises several questions negligence alleged. Under Federal Rule of Civil Procedure 12(e), a party may move for a more definite statement of a pleading if the pleading is so vague or ambiguous that the party cannot reasonably prepare a response. Fed. R. Civ. Pro. 12(e). Rule 12(e) orders are discretionary and are reasonably denied if a party can intelligently respond. *See Crawford-El v. Britton*, 523 U.S. 574, 598 (1998); *see also Chapman v. Yellow Cap Coop.*, 875 F.3d 846, 849 (7th Cir. 2017).

As the Court has concluded that the Complaint includes sufficient information to give Defendant fair notice of the claims against it this aspect of the motion will be denied as well. While Anderson Hospital may have a multitude of questions regarding Plaintiff's claims, those details are better left for development by the parties during discovery.

**Anderson Hospital's Motion to Dismiss Plaintiff's Complaint pursuant to 735 ILCS 5/2-619 and 735 ILCS 5/2-622 (Doc. 20)**

Anderson Hospital argues alleges that Plaintiff's physician report is is insufficient to comport with 735 ILCS 5/2-622, and therefore, Plaintiff's Complaint against Anderson Hospital should be dismissed without prejudice. The Illinois Healing Art Malpractice Act requires that a medical malpractice complaint be accompanied by a certificate stating that a qualified, licensed physician has reviewed the case and determined in a written report that the lawsuit is reasonable and meritorious. 735 ILCS 6/2-622(a)(1); *Hahn v. Walsh*, 762 F.3d 617, 634 (7th Cir. 2014). The report must provide the physician's reasoning as to why the medical care was deficient under the standard of care and what alternative conduct might have been appropriate. *See Ortiz v. United States*, No. 13 C 7626, 2014 WL 642426, at *3 (N.D. Ill. Feb. 19, 2014) (*citing Jacobs v. Rush N. Shore Med. Ctr.,* 284 Ill. App. 3d 995, 998 (1st Dist. 1996)). Illinois courts liberally construe certificates of merit in favor of the plaintiff, recognizing the statute as a tool to reduce frivolous lawsuits by requiring a minimum amount of merit, not a likelihood of success. *Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000).

Anderson takes issue with the physicians' reports because they do not identify that they have practiced in the same area of health care or medicine that is at issue in this particular action, they do not identify the reasons for a meritorious claim against Anderson Hospital through its alleged agent-physicians, and they fail to name some physicians or give detail as to what physicians did (or did not do) that constituted the alleged negligence.

Section 622 explicitly requires that the reporting physician be licensed to practice medicine in all its branches to be qualified to be the reviewing health professional with respect to defendants who are not individuals. 735 ILCS 6/2-622(a)(1); *Jacobs*, 284 Ill. App. 3d at 1000 (*citing Moss v. Gibbons*, 180 Ill. App. 3d 632, 637 (4th Dist. 1989)). A physician who is licensed to practice medicine in all its branches may evaluate the treatment given by any other physician who is licensed to practice medicine in all its branches, even if the defendant physician (or alleged agent/apparent agent/employee) holds himself out to be a specialist. *Hagood v. O'Conner*, 165 Ill. App. 3d 367, 372-373 (3d Dist. 1988). Thus, there is no requirement that the reviewing physician practice in the same area of healthcare or medicine at issue in this case. The physician's statement that he or she is a "physician licensed to practice medicine" is sufficient. Here, both reports state that they are physicians licensed to practice medicine in all branches.

Also under § 622, physician reports are sufficient if they "identify conduct by physicians that are alleged to be agents or apparent agents of [the hospital]…" *Riley v. United States*, No. 18 C 4810, 2019 WL 4062543, at *3-4 (N.D. Ill. August 28, 2019) (*citing Delgado v. United States*, No. 16 C 1899, 2016 WL 7324590, at *6 (N.D. Ill. Dec. 16, 2016). The physicians' reports attached to the Complaint sufficiently identify a timeframe and summary of the medical records, including the conduct by physicians that are alleged to be agents/apparent agents/employees of Anderson Hospital. The reports are clear as to what the alleged negligence is and identify the medical professionals involved who are believed to be the agents/apparent agents/employees of Anderson Hospital. Anderson's characterization of the reports is simply inaccurate. The physicians' reports are sufficient to withstand Anderson Hospital's motion to dismiss pursuant to 735 ILCS 5/2-619 and 735 ILCS 5/2-622; the motion (Doc. 20) will therefore be denied.

**Anderson Hospital's Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule 12(b)(6) and 12(d) – Failure to State a Claim upon which Relief may be Granted – Statute of Repose (Dr. Biala) (Doc. 21)**

Anderson Hospital seeks to dismiss Plaintiff's Complaint under Federal Rules of Civil Procedure 12(b)(6) and 12(d) for filing the claims against Anderson outside the applicable statute of repose, and as barred by *res judicata*. The determination of whether a state court judgment precludes claims in a subsequent federal case depends on the preclusion rules of the particular state. 28 U.S.C. §1738; *Rogers v. Desiderio*, 58 F.3d 299, 301 (7th Cir. 1995). In Illinois, under the doctrine *res judicata*, a final judgment acts as an absolute bar to a subsequent action between the same parties or their privies involving the same claim, demand, or cause of action. *Wilson v. Edward Hosp.*, 2012 IL 112898 ¶9 (2012). An order is final for *res judicata* purposes if it "either terminates the litigation between the parties on the merits or disposes of the rights of the parties, either on the entire controversy or a separate branch thereof." *Wilson,* 2012 IL 112898 at ¶19.

As a general rule, the dismissal of an agent compels the dismissal of any vicarious liability claim against the hospital. *DeLuna v. Treister*, 185 Ill.2d 565, 581 (1999). However, as the Illinois Supreme Court noted, a doctor's dismissal with prejudice and a hospital's dismissal without prejudice in a prior action are substantively different. *Id.* The defense asserted by a doctor is personal to him. *Id.* Accordingly, the hospital is not entitled to dismissal on the basis that the doctor was dismissed with prejudice. *Id.*

Dr. Biala was dismissed from the state court action with prejudice, while Anderson Hospital was dismissed without prejudice. Dr. Biala's dismissal was "personal" to him based on the statute of repose for the care that only he provided to Ms. Missey. Anderson cannot assert the same statute of repose defense because Plaintiff's allegations against it allege an ongoing course of continuous negligent medical treatment based upon the conduct of all its agent doctors.

Specifically, Plaintiff has alleged negligent acts or omissions of at least 5 of Anderson Hospital's doctors during the period April 30, 2017, through February 24, 2020. As such, the state court's dismissal of Dr. Biala with prejudice does not trigger *res judicata* for Plaintiff's refiled claims against Anderson.

Anderson also argues that since the claims against Dr. Biala were found to be time-barred under the statute of repose, the hospital cannot be liable for Dr. Biala's acts. In other words, Anderson Hospital seeks to isolate Dr. Biala's conduct from the conduct of the other doctors that Plaintiff has included in the claims against it. The Illinois statute of repose provides in relevant part:

> "[N]o action for damages for injury or death against any physician or hospital…shall be brought more than two years after the date on which the claimant knew…of the existence of the injury…but in no event shall such action be brought more than four years after the date on which occurred the act or omission or occurrence alleged in such action to have been the cause of such injury or death."

735 ILCS 5/13-212(a).

It is not a procedural rule but "a substantive limitation on the tort of medical malpractice" that functions as an absolute bar to an action no matter when the cause of action accrues. *Augutis v. United States*, 732 F.3d 749, 754 (7th Cir. 2013).

An "occurrence" of negligent medical care "may include a continuing negligent course of treatment for a specific condition." *Cunningham v. Huffman*, 154 Ill.2d 398, 404-405 (1993). In order for a plaintiff to delay the four-year statute of repose, he or she must demonstrate "that there was an ongoing course of continuous negligent medical treatment. *Id.* at 406. "…[A] plaintiff must demonstrate: (1) that there was a continuous and unbroken course of negligent treatment, and (2) that the treatment was so related as to constitute one continuing wrong." *Id.* If a course of negligent treatment continues, the statute of repose does not begin to run. *Crenshaw v. United*

*States*, No. 17-2304, 2020 WL 5579180, at *14-15 (C.D. Ill. March 24, 2020) (plaintiff alleged an unbroken "occurrence" of negligent care from 2000 to December 2015 when an electrocardiogram was finally performed and discovered plaintiff's heart disease) *citing Cunningham*, 154 Ill.2d at 406.

Plaintiff's Complaint alleges that Anderson Hospital's doctors were all a part of the unbroken "occurrence" of negligent care for Missey that transpired from 2017 until 2020. During that time frame, Missey allegedly reported coughing, wheezing, shortness of breath, chest pain, decreased breath sounds, loss of appetite, and significant weight loss. She allegedly reported these symptoms to Anderson Hospital and its doctors on several occasions from 2017 until 2020. Dr. Biala was just one of the doctors that provided treatment to Missey through Anderson Hospital in 2017.

At this juncture, the Court does not take a narrow view of Anderson Hospital's potential liability based solely on Dr. Biala's acts or omissions. The views the allegations in the Complaint and the cumulative results of the alleged continued negligence that Plaintiff claims caused Missey's injuries and death. As such, the Court finds that the statute of repose did not begin to run until the last date of the alleged negligent treatment, which was in 2020. *See Cunningham*, 154 Ill.2d at 405; s*ee also Crenshaw*, 2020 WL 5579180 at *2, 15 (the court taking Plaintiff's allegations as true finds an unbroken "occurrence" of negligent care continued from 2000 to 2015 by various physicians within the DVA before an electrocardiogram was finally ordered and discovered plaintiff's heart disease). Accordingly, while claims against Dr. Biala may have been found to be time-barred under the statute of repose, the same cannot be said for the claims against Anderson Hospital. Anderson Hospital's motion to dismiss (Doc. 21) will be denied.

**Anderson Hospital's Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule 12(b)(6) – Failure to State a Claim upon which Relief may be Granted – Statute of Repose (Drs. Russell, Sidwell, Fedder) (Doc. 22)**

Anderson Hospital seeks dismissal of Plaintiff's Complaint against Drs. Russell, Sidwell, and Fedder under Federal Rule of Civil Procedure 12(b)(6) for filing the claims against Anderson Hospital outside the applicable statute of repose. Plaintiff alleges that Anderson Hospital's doctors, acting as agents/apparent agents/employees, were all a part of the unbroken "occurrence" of negligent care for Missey that transpired from 2017 until 2020. Dr. Russell, Dr. Sidwell, and Dr. Fedder three of at least five doctors that provided treatment to Missey through the hospital. As the Court noted in its ruling on Anderson's motion to dismiss (Doc. 20), at this juncture, the Court does not take a narrow view of Anderson Hospital's potential liability based solely on each individual doctor's acts or omissions. Rather, the Court must look to the cumulative results of the continued negligence that was the alleged cause of Missey's injury and death. As such, the Court finds that the statute of repose did not begin to run until the last date of the alleged negligent treatment, which was in 2020. *See Cunningham*, 154 Ill.2d at 405; s*ee also Crenshaw*, 2020 WL 5579180 at *2, 15 (the court taking Plaintiff's allegations as true finds an unbroken "occurrence" of negligent care continued from 2000 to 2015 by various physicians within the DVA before an electrocardiogram was finally ordered and discovered plaintiff's heart disease).

Accordingly, the claims against Anderson Hospital based upon the acts or omissions of Dr. Russell, Dr. Sidwell, and Dr. Fedder are not time-barred under the statute of repose. Anderson Hospital's motion to dismiss (Doc. 22) will also be denied.

## Conclusion

For the foregoing reasons, Anderson Hospital's Motion to Dismiss for Failure to State a Claim upon which Relief may be Granted (12(b)(6)) or for More Definite Statement (12(e)) **(Doc. 19),** Motion to Dismiss Plaintiff's Complaint pursuant to 735 ILCS 5/2-619 and 735 ILCS 5/2-622

**(Doc. 20)**, Motion to Dismiss under Federal Rule 12(b)(6) and 12(d) – Failure to State a Claim Upon which Relief may be Granted – Statute of Repose (Dr. Biala) **(Doc. 21)**, and Motion to Dismiss under Federal Rule 12(b)(6) – Failure to State a Claim Upon which Relief may be Granted – Statute of Repose (Drs. Russell, Sidwell, Fedder) **(Doc. 22)** are **DENIED**.

**IT IS SO ORDERED.**

**DATED:  September 30, 2024**

**STACI M. YANDLE**
**United States District Judge**